UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BOBBY FIZER,**

      **Plaintiff,**　　　　　　　　　　Case No. 18-cv-12485

    v.　　　　　　　　　　　　　　　**District Judge Matthew F. Leitman**

**COMMISSIONER OF**　　　　　　　**Magistrate Judge Mona K. Majzoub**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Bobby Fizer seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 19) and Defendant's Motion for Summary Judgment (docket no. 21). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.**　　**RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 19) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 21) be **GRANTED**, and that the case be dismissed in its entirety.

## II.  PROCEDURAL HISTORY

On March 16, 2016, Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging that he has been disabled since October 30, 2015. (TR 151–57.) The Social Security Administration initially denied Plaintiff's claims on June 22, 2016. (TR 80–87.) On December 6, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Latanya White Richards. (TR 31–70.)

On January 2, 2018, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 19–27.) Plaintiff requested review by the Appeals Council, which was denied on June 8, 2018. (TR 1–3.) On July 24, 2018, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 19; docket no. 21.)

## III.  HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues. (Docket no. 19, pp. 2–5.) In addition, the ALJ summarized Plaintiff's medical record (TR 21–25), and Defendant adopted the ALJ's summary of the facts (docket no. 21, p. 6). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.  ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2017 and that he had not performed substantial gainful activity

between October 30, 2015, the alleged onset date, and the date last insured. (TR 21.) In addition, the ALJ found that Plaintiff had the following severe impairments: "obesity, degenerative disc disease of the lumbar spine and degenerative joint disease of the bilateral knees." (*Id.*) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 22.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), subject to the following non-exertional limitations:

- Plaintiff can occasionally climb ramps and stairs, but cannot climb ladders, ropes or scaffolds;
- Plaintiff can occasionally stoop, kneel, crouch and crawl; and
- Plaintiff requires the option to sit/stand at will while remaining on task.

(*Id.*) Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of jobs that exist in significant numbers in the national economy, including information clerk, router, and inspector/hand-packager. (TR 25–26.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from the alleged onset date through the date last insured. (TR 26.)

**V.   LAW AND ANALYSIS**

    **A.   Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d

3

525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.    Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

  (2)  Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C.**  **Analysis**

Plaintiff contends that the ALJ erred by discrediting opinion evidence from his treating physician "without an adequate evidentiary basis or explanation." (Docket no. 19, pp. 6–9.) Plaintiff also asserts that the Court should remand the matter for consideration of new and material evidence. (*Id.* at 9–12.) Finally, Plaintiff alleges that the ALJ improperly failed to adopt limitations based on Plaintiff's subjective statements regarding his abilities. (*Id.* at 12–15.)

  *1. Treating Physician*

Plaintiff contends that the ALJ erred by giving only little weight to the opinion of his treating physician, Dr. Melvin C. Murphy. (Docket no. 19, pp. 6–9.)

Under the treating physician rule, the ALJ will give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).

If the ALJ declines to give a treating source's opinion controlling weight, she must then balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). But the ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide "good reasons" for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017); 20 C.F.R. § 404.1527(d)(2). Such good reasons must be "supported by the evidence in the case record and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions*, SSR 96-2p (S.S.A. July 2, 1996).

In a "physical residual functional capacity questionnaire" dated November 11, 2016, Dr. Murphy diagnosed Plaintiff with degenerative arthritis of the lumbar spine and knees. (TR 247.) He noted that Plaintiff reported moderate to severe pain in his lumbar spine and right knee. (*Id.*) Dr. Murphy opined that Plaintiff was likely to be off-task for twenty-five percent or more of a typical workday, that he could walk up to one block without rest, that he could stand for less than two hours and sit for about two hours in an eight-hour workday, that he required a sit/stand option,

that he needed a cane, that he could lift up to ten pounds occasionally, and that he would miss about four workdays per month as a result of his symptoms. (TR 249–50.) Dr. Murphy's opinion consists mainly of checked boxes on the questionnaire, and he declined to respond to item number six, which asks the questionnaire respondent to "[i]dentify the clinical findings and objective signs" that support the proposed limitations. (TR 247–50.)

The ALJ gave only little weight to Dr. Murphy's opinion, reasoning that "[t]he objective findings [in the record] do not support Dr. Murphy's very restrictive limitations." (TR 24.) As the ALJ summarized, Plaintiff underwent a consultative examination with Dr. Ali Sabbagh on May 21, 2016. (TR 239–44.) During the examination, Plaintiff reported that he could drive, cook, and clean for himself. (TR 241.) Dr. Sabbagh observed that Plaintiff sat comfortably during the exam and did not display discomfort upon arising from the seated position. (*Id.*) His ambulation was "abnormal" due to an antalgic gait, and he reported pain with movement in his right knee, but he showed normal range of motion in his spine and full strength in his upper and lower extremities. (TR 242–43.) Based on these factors, Dr. Sabbagh proposed no limitations on Plaintiff's ability to perform vocational tasks. (TR 244.) However, due to the objective observations regarding Plaintiff's knee and his obesity, the ALJ gave Dr. Sabbagh's opinion only partial weight and ultimately limited Plaintiff to light work with a sit/stand option. (TR 22, 24.)

This analysis demonstrates that Dr. Murphy's opinion was not "supportab[le]" and/or "consisten[t] . . . with the record as a whole." *See* 20 C.F.R. § 404.1527(d)(2). Moreover, Dr. Murphy declined to reference objective criteria to support his proposed limitations. *See* 20 C.F.R. § 404.1527(d)(2) (providing that a treating source opinion should be supported by "medically acceptable clinical and laboratory diagnostic techniques").

7

Accordingly, the ALJ provided good reasons for giving only little weight to Dr. Murphy's opinion.

### 2. New Evidence

Plaintiff also contends that the Court should remand the case for consideration of new and material evidence under sentence six of 42 U.S.C. § 405(g). (Docket no. 19, pp. 9–12.)

The court may order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g).

With his appeal of the ALJ's decision, Plaintiff submitted reports of an MRI of his right knee taken in January of 2018 and an MRI of his lumbar spine taken in February of 2018. (TR 10–13.)

Plaintiff acknowledges that the images were taken after the date last insured but argues that they are relevant because his knee and back conditions are degenerative. (Docket no. 19, p. 11.) However, there is no indication that the images taken in January and February of 2018 reflect Plaintiff's condition on or before the date last insured, September 30, 2017. *See Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003) (holding that "[p]ost-expiration evidence must relate back to the claimant's condition prior to the expiration of [his] date last insured").

Accordingly, the Court should not remand the case for consideration of the MRIs taken in January and February of 2018.

### 3. Plaintiff's Subjective Statements

Finally, Plaintiff also contends that the ALJ erred by concluding that he could perform the three jobs identified by the VE—information clerk, router, and inspector/hand-packager. (Docket

8

no. 19, pp. 12–15.)  Although this objection is labeled as a challenge to the ALJ's step-five analysis, Plaintiff in fact argues that the RFC should have included additional limitations based on his testimony regarding "his inability to sit or stand for extended periods of time without reclining and difficulty lifting anything above ten pounds."  (*Id*. at 13.)

As an initial matter, the ALJ adopted a sit/stand option in Plaintiff's RFC, suggesting that she credited Plaintiff's testimony about being unable to stand for extended periods.  (TR 22.)

Regarding Plaintiff's alleged lifting limitation, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record."  (TR 23.)

As discussed above, consultative examiner Dr. Sabbagh recorded mostly benign results of objective testing administered to Plaintiff.  (TR 240–43.)  Plaintiff offers no contrary objective evidence from the relevant period.  Accordingly, substantial evidence supports the ALJ's RFC determination.

## VI.  CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 19) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 21) be **GRANTED**, and that the case dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  August 7, 2019            s/Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 7, 2019             s/Sandra Osorio
                                  Acting Case Manager